## LIT BROTHERS, APPELLANT, v̄. KATHERINE HAINES, RESPONDENT.

Submitted March 23, 1923—Decided June 5, 1923.

The defendant was a charge customer of plaintiff who issued to her a coin containing the number of her account. The coin was stolen from defendant and presented by the thief to plaintiff who sold him goods which were delivered to him at an address different, to plaintiff's knowledge, from that of defendant and charged their cost to defendant's account. There was no proof of any contract other than the acceptance by defendant of the coin, and it was admitted that she had no knowledge that anyone presenting the coin would be allowed by plaintiff to obtain goods and have them sent to an address other than hers, or that she would be liable in such event. *Held*, that the coin was no more than an identification coin, did not possess the attributes of a *negotiable instrument*, and without proof of an agreement by defendant with plaintiff that it could sell goods to anyone presenting the coin and charge the purchase to her, she was not liable for the goods delivered to the thief under the proofs recited.

On appeal from the Camden District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Carr & Carroll*.

For the respondent, *Joseph Beck Tyler*.

The opinion of the court was delivered by

BERGEN, J. The defendant has a judgment in an action against her for goods sold and delivered to another person, from which plaintiff appeals, and in support of the appeal presents an agreed state of the case, which shows that defendant had a credit account with plaintiff which operated a department store in the city of Philadelphia; that when defendant became a "charge customer" the plaintiff issued to defendant, and she accepted, an identification coin bearing

a number corresponding with that of her account with the plaintiff. Then follows a statement of plaintiff's method of conducting its business with persons holding the coins of which it is not shown defendant had notice. It further shows that defendant's coin was stolen by a person employed by her to hang paper in her house; that the thief presented the coin to plaintiff, giving the name of defendant and her address as well as his own name and address, made purchases which he directed should be sent to his own home address, which was different from that of defendant. The goods purchased were delivered to him at his address, and were charged to defendant's account; that the purchases were made on divers occasions; that neither plaintiff or defendant had knowledge that the coin had been stolen until after the delivery of the purchases, nor until defendant received a bill for the goods. The agreed facts also contains the statement: "Defendant was ignorant of the fact that anyone producing her coin at plaintiff's store and giving her correct name and address could obtain goods and have them sent to some address other than defendant's." This admission negatives any inference that there was a contract between the parties to the contrary, and it is not pretended that the coin expresses any such agreement. Thus we have this situation: The defendant opened a credit account with plaintiff and was given an identification coin without any agreement that anyone producing the coin could obtain goods on her credit and have them sent to some other address than that of the defendant; that a thief stole the coin from defendant, and on its presentation to plaintiff by the thief plaintiff sold him goods and delivered them to him at another address than defendant's, charging the goods to defendant and sues to compel her to pay for them. Clearly, plaintiff cannot maintain such an action, for the coin was given merely as an identification card and the claim of the plaintiff is not sustained by that circumstance, and no inference can be drawn from it that defendant contracted to pay for goods not purchased by her, but by anyone holding the coin whether lawfully or not. To bind her she must have

so contracted, and she did not. The appellant relies on *Wannamaker* v. *Megary*, 24 *Pa. Dist. Ct.* 778, but we are not willing to follow the opinion in that case for it is based on the assumption that the coin is an order to deliver goods to the person presenting it, and to charge them to the account of the person the number of whose account corresponds with that on the coin, and that it is similar to a check or other negotiable instrument payable to bearer. This is in our opinion unsound in law for it rests upon an assumption which an examination of the coin does not warrant, for it has none of the requisites of a negotiable instrument, for title to it cannot pass by delivery like securities payable to bearer, and to give it any more effect than it purports on its face to be, an identification of the person to whom it was issued, there must be some proof that between the issuer and acceptor it was intended to have a further purpose not disclosed on its face.

In the instant case we are of the opinion that the coin was for the purpose of identification, and in the absence of any proof of an agreement between the parties that it was to have any other effect it is limited to that purpose, and is no proof that the defendant agreed that any person presenting it should have the right to purchase goods on her credit. This is the view the. court below acted on, and is not in our opinion erroneous. The judgment appealed from will be affirmed, with costs.