**William THOMAS, Appellant,**

v.

**CENTRAL CHARGE SERVICE, INC.,**
**Appellee.**

**No. 3727.**

District of Columbia Court of Appeals.

Argued June 14, 1965.

Decided Aug. 2, 1965.

Herman Miller, Washington, D. C., for appellant.

Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

This appeal concerns the liability of a credit card holder for purchases made with the card after it had been lost or stolen. The suit was brought by Central Charge Service, Inc., a retail credit organization which claimed to be the owner of accounts receivable assigned to it by certain merchants.

At trial plaintiff offered evidence that a charge account had been opened by defendant Thomas and charge plates issued to him and his wife; that between March 27 and April 13, 1964, purchases in excess of $500 were made on Thomas' account; that the sales checks representing these purchases bore the imprint of Thomas' charge plate; that a week after the last of the purchases Central Charge sent Thomas a telegram notifying him of the unusual activity in the account; and that on the day thereafter Thomas went to the Central Charge office and denied that he had made or authorized any of the purchases.

During his own testimony, Thomas again denied having made or authorized the purchases in question. He testified that he had received the charge plate but had not signed it on the back, as was required for validation; that he had made only one small purchase at a drugstore with the card still unsigned, and after that had looked for the

card, could not locate it and assumed that it had been lost; and that he did not notify Central Charge or any of its member merchants of the card's disappearance.

We must first consider the nature of the contractual relation between Central Charge and the customer Thomas. The only writing on which it was based is a credit application which merely contained the names of Thomas and his wife, their addresses, and the name of his employer. The signature space was not filled in and the application contained no contractual language of any kind and no reference to any duty or obligation on the part of the customer with reference to the use of the charge plate; indeed, a charge card or plate was not even mentioned.

 Assuming that Central Charge did actually acquire these accounts by assignment—which was not proved—and assuming that as a result of the unsigned credit application Thomas agreed to accept and use a charge plate for himself and his wife, it by no means follows that he bound himself to pay for unauthorized purchases made by someone else. Whatever contract existed between these parties was completely devoid of any reference to that contingency. Not having bound himself by direct agreement, it follows that Thomas' responsibility for the unauthorized purchases could arise, if at all, only by implication.

We do not think, however, that a promise to pay for unauthorized purchases, restricted even to purchases made prior to notifying the company of the card's disappearance, can fairly be implied from the described relationship between these parties. At most, it may be said by implication that Thomas agreed to exercise due care in the use of his card. And while he perhaps failed in that agreement, it is plain that such failure is insufficient to support this action.

Nor is there here any sound or valid basis for invoking the rule, apparently relied on below, that as between two innocent parties the one who made the loss possible should bear it. In cases based on similar facts that approach has been rejected. Lit Bros. v. Haines, 98 N.J.L. 658, 121 A. 131 (Sup.Ct.1923); Gulf Ref. Co. v. Plotnik, 24 Pa. D. & C. 147, (1935). We reject it here. Whatever the rule should be when a customer expressly binds himself by contract to promptly report a lost or stolen credit card, we are satisfied that on the facts of this case the card holder should not be held liable.

Reversed.